IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MIDAMERICA, INC.                                                                           PLAINTIFF

v.                                              Case No. 4:19-cv-4096

BIERLEIN COMPANIES, INC.                                                          DEFENDANT

## **ORDER**

Before the Court is the parties' Joint Motion to Accept Stipulated Protective Order. (ECF No. 19). Plaintiff MidAmerica, Inc. and Defendant Bierlein Companies, Inc. acknowledge that the information, testimony, and documents exchanged (whether heretofore or hereafter) in this lawsuit (the "Litigation") may contain competitively sensitive information such as financial documents, trade secrets, or other confidential information (collectively, the "Confidential Information") of the Parties or non-parties. The parties have submitted a Joint Stipulated Protective Order for the Court's approval governing the handling of certain documents and information containing or constituting Confidential Information disclosed in connection with the Litigation.

Upon consideration, the Court finds good cause for the motion has been shown. Accordingly, the parties' Joint Motion to Accept Stipulated Protective Order (ECF No. 19) is hereby **GRANTED**. The Court orders as follows:

1. "Confidential Information" is information of a type which a Party or non-party, in good faith, regards as confidential, proprietary, a trade secret, or other sensitive business or personal information including, but not limited to, financial and accounting records, appraisals, business and strategic plans, and/or personal information regarding current or former employees.

2. A party producing documents or other information in the Litigation may designate such documents or other information as Confidential Information and restricted from disclosure under this Order by placing or affixing the word "Confidential" on the document in a manner that will not interfere with the legibility of the document. All discovery material designated as "Confidential," including, but not limited to, any copies, abstracts, digests, notes, and summaries thereof, shall be treated as Confidential Information under the provisions of this Order.

3. Confidential Information produced in the Litigation will be used solely in connection with the Litigation, and shall not be used for any other purpose, including, but not limited to, the preparation or trial of any other action involving these or any other parties. Confidential Information may only be disclosed to: (a) the Parties, and their officers, agents, employees, or representatives; (b) counsel for the Parties, and employees and agents of counsel who have responsibility for the preparation and trial of the Litigation; (c) consultants, appraisers or experts retained or consulted by the Parties or counsel for the Parties to assist preparing for or conducting the trial of the Litigation and who have agreed to be bound by this Order; (d) witnesses at, or in preparation for, their deposition or trial, in which event such witnesses shall only be shown the Confidential Information and shall not be allowed to retain copies; and, (e) stenographic reporters retained by the parties to transcribe depositions or other proceedings in the Litigation.

4. Persons to whom Confidential Information is shown or disclosed pursuant to paragraphs 3(c) and 3(d) above shall be advised that the Confidential Information is subject to this Order and may only be disclosed and used under the terms of this Order.

5. Any person or entity that has received Confidential Information, and that is thereafter compelled by any law or court order to disclose such Confidential Information in a manner contrary to the terms of this Order, will use all reasonable efforts to immediately notify the producing Party of

the obligation to disclose. Any such person or entity shall also disclose only the particular Confidential Information required to be disclosed and shall make all reasonable efforts to protect any remaining Confidential Information from disclosure in accordance with the terms of this Order. Once notice of a request or order to produce has been given to the producing Party, it shall solely be the obligations of the producing Party to challenge any such disclosure.

6. Confidential Information may be used during testimony in discovery depositions and at any hearing(s) conducted in the Litigation, subject to applicable rulings of the Court, and may be used by the persons designated in Paragraph 3 to prepare for any hearings or depositions held in the Litigation, under the terms of this Order. Any party who has received Confidential Information shall, before including such Confidential Information in any publicly filed pleading, motion, or exhibit, first notify and confer in good faith with opposing counsel for the purpose of protecting, to the extent possible, the confidential nature such Confidential Information.

7. The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of the confidential nature of the material disclosed. In the event that one party or its counsel makes an inadvertent or unintentional disclosure of Confidential Information that has been produced by the other party, such individual shall immediately notify the producing party of the disclosure and make every effort to retain control of the Confidential Information so disclosed.

8. Nothing in this Order shall limit or enlarge any legal or contractual obligations the Parties may have undertaken concerning the treatment of a non-party's Confidential Information in the possession of a Party nor restrict a Party's or non-party's use of its own Confidential Information.

9. Within 30 days after entry of a final, non-appealable judgment in the Litigation, counsel shall collect all Confidential Information or copies of Confidential Information and return them to the

producing Party. Alternatively, counsel may shred all Confidential Information and copies of Confidential Information and provide a certificate of such shredding to opposing counsel. Counsel shall also collect any documents or materials that reference, summarize, or otherwise refer to Confidential Information ("Work Product"). Work Product may be retained by counsel only, and it shall remain subject to the provisions of this Confidentiality Order except upon agreement of opposing counsel. In addition, counsel may retain a set of any pleadings and correspondence prepared in the Litigation as part of their files, even if such materials contain Confidential Information, so long as the pleadings and correspondence remain protected in the manner set forth in this Confidentiality Order.

10. The Parties may modify or amend this Order by unanimous written agreement of Counsel for the Parties, or this Order may be modified by further order of the Court. Nothing herein shall bar any party from seeking any such modification.

**IT IS SO ORDERED**, this 26th day of February, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge