IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

MIDAMERICA, INC.                                                               PLAINTIFF

v.                              CASE NO. 4:19-CV-04096-SOH

BIERLEIN COMPANIES, INC.                                                       DEFENDANT

### STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE AND PRODUCTION OF TRADE SECRET AND OTHER CONFIDENTIAL RESEARCH, DEVELOPMENT AND COMMERCIAL DOCUMENTS AND INFORMATION

In order to avoid the need for a motion, non-party Entergy Arkansas, LLC ("EAL") and the parties, by and through their undersigned attorneys of record, hereby stipulate and agree that the following terms and conditions shall govern EAL's disclosure and production of trade secrets, confidential research, development and commercial information, and other information whose confidentiality is protected under applicable law.

### DEFINITIONS

1. The following definitions apply to this Order:

    (a) The term "document" or "documents" shall include all writings discoverable under the Federal Rules of Civil Procedure.

    (b) "Confidential Information" refers to any information, documents, and things which are subject to discovery in this action which include pricing, proprietary information, trade secrets, information regarding business decisions, employee training or contracts that are entitled to or allowed confidential treatment under Arkansas law. This Protective Order is not intended to protect documents or information that have been placed in the public domain or documents and information that do not disclose trade secrets or sensitive, proprietary information about a product or service that would otherwise not be discoverable by a competitor, or similar information entitled to confidential treatment under Arkansas law.

FEC\10149\0799\7688770.v1-5/29/20

## PURPOSE

2. This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced by EAL and designated as Confidential in accordance with the terms of this Protective Order. This Protective Order is not intended to address or govern claims of work product or privilege that may be asserted by any of the parties, except as otherwise provided in this Order.

## DESIGNATION AND TREATMENT

3. EAL may designate as "Confidential Information" any information, document or material that meets the definitions in ¶ 1(b) of this Protective Order. The designations "Confidential Information" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, words that in substance state, "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER." Any material, document or information for which it is impracticable to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question, such as by designating on the front of the flashdrive or CD or other device producing the material.

4. At the option of the EAL, and to facilitate prompt discovery by allowing inspection or review before formal designation in the manner specified above, all information, material or documents produced in response to a subpoena or discovery request shall be treated as Confidential Information pending inspection and copying.

5. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Order. Any summary, extract, paraphrase, quotation, restatement, compilation, notes or copy containing Confidential Information, or any electronic image or database containing Confidential Information, shall be subject to the terms of

this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, database is derived.

6.  EAL may, in good faith, redact non-responsive and/or irrelevant Confidential Information from any document or material. However, unredacted copies of such documents shall be maintained.

## LIMITATIONS ON USE

7.  Except to the extent expressly authorized by this Order, Confidential Information shall not be used or disclosed for any purpose other than the preparation and trial of this case and in any appeal taken from any judgment herein. Nothing designated as Confidential Information shall be used for any commercial, business, marketing, competitive, personal, or other purposes whatsoever.

## LIMITATIONS ON DISCLOSURE

8.  Except with the prior written consent of EAI, or as expressly authorized by this Order, no person receiving Confidential Information may disclose it to any other person.

9.  Any person to whom Confidential Information may be disclosed pursuant to this Order, except this Court and its personnel, first shall be required to read a copy of this Protective Order and such person shall be subject to the terms and conditions of this Protective Order and shall not use any of the Confidential Information for any purpose other than the prosecution or defense of this case. The party making the disclosure of the Confidential Information to such persons shall be responsible for assuring compliance with this provision.

10. Access to Confidential Information shall be limited to:

(a) Officers, employees, agents, representatives of the receiving party or attorneys, paralegals, assistants, and clerical employees who are assisting in the prosecution, defense and/or appeal of this action;

(b) Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and/or trial of the Action, but only to the extent reasonably necessary to enable such Expert to render such assistance;

(c) Court reporters and videographers involved in rendering professional services in the action; and

(d) Professional vendors (including the employees and contractors of the vendors) that provide litigation support services in this action;

(e) People who generated or received the documents;

(f) Other potential or anticipated deposition or other fact witnesses, who have or reasonably may have knowledge relating to the contents of the documents or information designated "CONFIDENTIAL" or the specific events, transactions, or date reflected in the confidential information;

(g) Witnesses at depositions, hearings or trials who are not otherwise described above; and

(h) The Court and its personnel, subject to the provisions of ¶15 of this Order.

11. If a party or other person receiving Confidential Information pursuant to this Order thereafter receives a subpoena or order to produce such information in any other action or proceeding before any other court or agency, such party or person shall, before the due date of the request, notify EAI of the pendency of the subpoena, public records request or order in writing. To give the EAI an opportunity to obtain such relief, the party or person from whom the

information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order. To the extent a Court in another jurisdiction determines that the documents or information produced in this litigation are discoverable in another lawsuit, this provision shall not prevent the use or production of "Confidential Information" produced in this case, subject to any Protective Orders entered by the Court of the other jurisdiction.

## DEPOSITIONS INVOLVING CONFIDENTIAL INFORMATION

12. Portions of a deposition or depositions in their entirety may be designated Confidential Information by counsel for the deponent or EAI, with respect to documents or information that it has produced, by indicating that fact on the record at the deposition or in writing no later than 30 days after the receipt of the deposition transcript. The court reporter shall include on the cover page a clear indication that the deposition has been so designated. Once designated, any deposition transcript in which Confidential Information is discussed, and any exhibits containing Confidential Information, shall be treated as such.

13. No one may attend, or review the transcripts of, the portions of any depositions at which Confidential is shown or discussed, other than persons authorized to receive access to Confidential Information.

## FILING OR USE OF CONFIDENTIAL INFORMATION AS EVIDENCE

14. Where any Confidential Information or information derived therefrom is included in any court filing, such filing shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and shall be placed in a sealed envelope marked with the caption of the case and held under seal.

## OBJECTIONS TO DESIGNATIONS

15. Any party may, after production of material designated under this Protective Order, until 60 days prior to the Trial, object to its designation by notifying EAI in writing of that objection and specifying the designated material to which the objection is made. EAI and the party shall confer within 10 days of service of any written objection. If the objection is not resolved, the Requesting Party shall, within 20 days of the objection, file and serve a motion to resolve the dispute. If the Requesting Party does not file a Motion to resolve the dispute within 20 days of the objection, the documents or information objected to shall be deemed confidential.

## INADVERTENT WAIVER

16. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within 15 days of the discovery of the inadvertent failure. At such time, arrangements shall be made for EAI substitute properly labeled copies.

## NON-TERMINATION

17. Any information or documents designated as Confidential Information shall continue to be treated as such until such time as (i) EAI expressly agrees in writing that the information, documents, testimony or other materials in question are no longer Confidential (ii) or there is a finding by the Court that the information or documents are not the proper subject of protection under this order. Issues regarding the protection of Confidential Information during trial may be presented to the Court as each party deems appropriate.

18. The obligations and protections imposed by this Order shall continue beyond the conclusion of this action, including any appeals, or until the Court orders otherwise. Within 60 days after receipt of a request from EAI, made after this action has concluded and the time for

possible appeal has been resolved, Confidential Information (other than exhibits at the official court of record) shall be returned to EAI or shall be destroyed by the receiving party. Counsel for any party or third party receiving Confidential Information in this action shall make written certification of compliance with this provision and shall deliver the same to counsel for EAI within 180 days after such request.

## OTHER DEFENSES TO PRODUCTION

19. Nothing contained herein shall be construed to or in any way affect or impair the right of any Party or EAI to seek additional protection or to raise or assert any defense, objection, privilege or immunity to the discovery or production of documents or confidential information contained therein or to the use of any evidence.

20. Nothing contained herein shall require the disclosure or dissemination of material which is covered by the attorney-client privilege or the work product doctrine.

IT IS SO ORDERED on this _4th_ day of _June_, 2020.

_____
DISTRICT JUDGE

APPROVED:

John M. Scott
Conner & Winters, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
Email: jscott@cwlaw.com

Nathan R. Sellers
Fabyanske, Westra, Hart & Thomson, PA
333 South Seventh Street, Suite 2600
Minneapolis, MN 55402
Email: nsellers@fwhtlaw.com

By:s/s/ Nathan Sellers with permission to Jamie Jones

*Attorneys for Plaintiff MidAmerica, Inc.*

Jonathan E. Lauderbach
Warner Norcross & Judd LLP
715 E. Main Street, Suite 110
Midland, MI 48640
Email: jlauderbach@wnj.com

Ashley Grace Chrysler
Warner Norcross & Judd LLP
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, MI 49503
Email: achrysler@wnj.com

Shawn Latchford
Nelson Bumgardner Albritton P.C.
204 North Fredonia Street
Longview, TX 75601
Email: shawn@nbafirm.com

By:s/s/ Shawn Latchford with permission to Jamie Jones

*Attorneys for Defendant Bierlein Companies, Inc.*

JAMIE HUFFMAN JONES
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
T: (501) 370-1430 | F: (501) 244-5340
jjones@fridayfirm.com – Email

*And,*

WM. WEBSTER DARLING
ENTERGY SERVICES, LLC
425 W. Capitol Ave, 27th Floor
Little Rock, AR 72201
T: (501) 377-5838 | F: (501) 377-5814
wdarlin@entergy.com – Email

*Attorneys for non-party*
*Entergy Arkansas, LLC*


By: */s/ Jamie Huffman Jones*
      Jamie Huffman Jones