IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MIDAMERICA, INC.                                                                                    PLAINTIFF

v.                                          Case No. 4:19-cv-4096

BIERLEIN COMPANIES, INC.                                                                   DEFENDANT

## ORDER

Before the Court is Defendant's Motion in Limine. ECF No. 65. Plaintiff has responded. ECF No. 67. The Court finds the matter ripe for consideration.

## BACKGROUND

On August 21, 2019, Plaintiff filed its Complaint against Defendant seeking recovery for claims of breach of contract and unjust enrichment. ECF No. 2. Plaintiff's claims arise from its work as a subcontractor for Defendant for a power plant site clean-up. *Id*. at p. 2-4. Plaintiff argues that the subcontract's description of the scope of work and the representation's made by an agent of the site owner led to Plaintiff calculating a bid significantly less than what was appropriate for the actual scope of work on the project. *Id*. at p. 2-4. Plaintiff states that it has not been compensated for the excess costs it incurred as a result of this increased scope of work. *Id*. at p. 3.

Key to Plaintiff's claims is the difference in difficulty in cleaning up #2 Fuel Oil versus #6 Fuel Oil. ECF No. 35, ¶¶ 28-31. Plaintiff argues that the contract was for the cleanup of #2 Fuel Oil and that the work necessary to clean up the #6 Fuel Oil that was present at the site led to the great disparity between its contract bid and the costs it incurred. *Id*. at ¶¶ 48-59. Plaintiff has indicated that it will use statements made by Sandra Davidson, a representative of the project site owner Entergy, during a pre-bid site visit to support its argument that the subcontract entailed the

cleanup of only #2 Fuel Oil. ECF No. 35, ¶¶ 24-31. An individual who visited the site on behalf of Plaintiff alleged during a deposition that Ms. Davidson asserted to him that the only Fuel Oil that was present at the site was #2 Fuel Oil. ECF No. 66-4, Harms Dep. at p. 24, 78. Unfortunately, Ms. Davidson is now deceased. ECF No. 66, p. 4.

On February 2, 2021, Defendant filed the instant motion. ECF No. 65. Defendant seeks to have the statements made by Sandra Davidson to Plaintiff regarding the type of Fuel Oil present at the project site excluded from evidence. *Id*. Defendant argues that the statements are inadmissible hearsay, inadmissible parol evidence, and inadmissible under Federal Rule of Evidence 403 for being overly prejudicial. ECF No. 66, p. 5-9. On February 16, 2021, Plaintiff responded in opposition to the instant motion. ECF No. 67. Plaintiff argues that the statements are not hearsay, the statements fall into the exception to the parol evidence rule, and the statements' probative value far exceeds any prejudicial effect they may have. *Id*. at p. 2-8.

**DISCUSSION**

The Court will separately address each ground on which Defendant argues for exclusion of the statements.

**A. Hearsay**

Hearsay is generally not admissible into evidence. *See* Fed. R. Evid. 802. Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). An out-of-court statement will be considered hearsay if it is offered to show the truth of the matter asserted, but not when it is offered only to prove that the statement itself was made. *See Anderson v. U.S.*, 417 U.S. 211, 219-220 (1974). Out-of-court statements can be admitted to establish that the statement itself was made in order to later show that the statement was false. *See*

2

*U.S. v. Yielding*, 657 F.3d 688, 699-700 (8th Cir. 2011) (citing *Anderson,* 417 U.S. at 219-20); *see also Bady v. Murphy-Kjos*, 628 F.3d 1000, 1003 (8th Cir. 2011) (statement was not hearsay when it was offered to only to prove that the statement was made and not to prove the statement was true) (citations omitted).

Defendant argues that Ms. Davidson's statements should be excluded as inadmissible hearsay. ECF No. 66, p. 5. Defendant notes that anything Ms. Davidson told Plaintiff's representative regarding the type of Fuel Oil present at the work site is only available as an out-of-court statement. *Id*. Defendant then contends that Plaintiff intends to offer the statements to prove the truth of the matter asserted in that "Entergy represented to MidAmerica that only #2 Fuel Oil, and not #6 Fuel Oil, was present at the Project site." *Id*. Defendant therefore concludes that any of Ms. Davidson's statements are hearsay and should be excluded from evidence. *Id*. Plaintiff's response argues that the statements by Ms. Davidson are not hearsay because they are not meant to show the truth of what she stated. ECF No. 67, p. 2-4. Plaintiff contends that Defendant misstates the purpose for which Plaintiff intends to introduce Ms. Davidson's statements. *Id*. at p. 4. Plaintiff states that it will not offer Ms. Davidson's statements regarding Fuel Oil to show that they were true, but instead to simply show that the statements were made and that they were actually false. *Id*. at p. 3.

The Court finds that the statements of Ms. Davidson that Plaintiff plans to introduce are not hearsay. Plaintiff is not offering Ms. Davidson's statements that only #2 Fuel Oil was present at the project site to further an assertion that only #2 Fuel Oil was present. Instead, Plaintiff is offering the statements because they were not true and because their falsity is significant to its claims. This intended use puts the statements clearly outside the definition of hearsay. *See U.S. v. Yielding*, 657 F.3d at 699-700 ("Statements are not hearsay when 'the point of the prosecutor's

introducing those statements was simply to prove that the statements were made so as to establish a foundation for later showing, through other admissible evidence, that they were false.'") (quoting *Anderson,* 417 U.S. at 219-20). Accordingly, Ms. Davidson's statements to Plaintiff regarding the presence of Fuel Oil at the project site are not hearsay and cannot be excluded on that basis.

**B. Parol Evidence**

The Court determined in an earlier order that the contract in this matter is governed by Michigan law. ECF No. 61, p. 4-5. Extrinsic evidence of representations made prior to the execution of a written contract, also known as parol evidence, cannot vary the terms of the contract when the terms are "clear and unambiguous." *Salzman v. Maldaver*, 24 N.W.2d 161, 165 (Mich. 1946). However, parol evidence is admissible when there is no inconsistency between the proffered parol evidence and the written language of a contract. *See Union Oil Co. of California v. Newton*, 245 N.W.2d 11, 12 (Mich. 1976). Inconsistent parol evidence is synonymous with parol evidence that is contradictory to the written contract. *See Oakland County v. City of Detroit By and Through Bd. Of Water Com'rs*, 265 N.W.2d 130, 133-34 (Mich Ct. App. 1978) (citing *Michigan National Bank v. Holland-Dozier-Holland Sound Studios*, 250 N.W.2d 532 (Mich Ct. App. 1976)). Parol evidence is inapplicable when a written contract contains a merger clause, unless the agreement is "obviously incomplete 'on its face' and, therefore, parol evidence is necessary for the 'filling of gaps.'" *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411, 418 (Mich. Ct. App. 1998) (quotation omitted).

Defendant argues that the statements by Ms. Davison are inadmissible parol evidence. ECF No. 66, p. 5-6. Defendant notes that Section 15.5 of the Subcontract (ECF No. 66-6, p. 9) contains a merger clause that makes the Subcontract the entirety of the agreement and excludes prior representations from the Subcontract. ECF No. 66, p. 5-6. Defendant further notes that the

4

statements made by Ms. Davidson to Plaintiff regarding the presence of Fuel Oil at the project site occurred several months prior to the execution of the Subcontract. *Id*. at p. 6. Defendant then concludes that the merger clause makes her statements inapplicable prior representations and irrelevant to interpretation of the Subcontract. *Id*. Plaintiff's response argues that Ms. Davison's statements are admissible parol evidence because they do not contradict the written terms of the agreement and that they provide evidence of the parties' intent when ambiguities in the Subcontract arise. ECF No. 67, p. 4-5. Plaintiff first contends that the statements are consistent with the contract because they believe the Subcontract is clear in that they would only have to clean up #2 Fuel Oil. *Id*. at p. 4. Plaintiff then notes that Defendant has previously argued that the site specifications mentioning a #6 Fuel Oil tank on the premises should have put Plaintiff on notice that its scope of work would include cleaning up #6 Fuel Oil. *Id*. at p. 5. Plaintiff concludes that this potential ambiguity in the Subcontract as to whether #6 Fuel Oil was within the scope of work makes parol evidence of the parties' intent appropriate. *Id*. at p. 5.

The Court finds that Ms. Davidson's statements to Plaintiff during the site tour are admissible parol evidence. The Court determined in a previous order that there is an ambiguity in the contract as to whether Plaintiff's scope of work included removing #6 Fuel Oil or was limited to removing #2 Fuel Oil. ECF No. 61, p. 8-11. This gap in the clarity of the contract allows for parol evidence that can provide greater clarity on this issue and does not violate the merger clause of the Subcontract. *See UAW-GM Human Res. Ctr.*, 579 N.W.2d at 418. Also, the statements by Ms. Davidson are appropriate parol evidence because they do not contradict the express terms of the contract. *See Oakland County*, 265 N.W.2d 133-34. As previously determined by the Court, statements that the site contained only #2 Fuel Oil are not inherently contradictory to the site specifications in the written contract simply mentioning that a #6 Fuel Oil tank was present. ECF

No. 61, p. 8-11. Accordingly, the statements of Ms. Davidson are permissible parol evidence and cannot be excluded from evidence.

**C. Ms. Davidson's Statements as Unfairly Prejudicial**

Relevant evidence may be excluded by a court if its probative value is substantially outweighed by the unfair prejudice it may cause a party. *See* Fed. R. Evid. 403. Evidence is unfairly prejudicial when it encourages a jury to make a determination from improper reasoning or an improper basis. *See U.S. v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) (citations omitted). Evidence is not prejudicial simply because it is detrimental to a party's case. *See U.S. v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) (citation omitted). Rather, Rule 403 excludes unfairly prejudicial evidence that is so inflammatory that it moves a jury's focus away from material issues. *See id*. (citations omitted). "Consistent with the requirement that the overbalance must be substantial, we have said: 'In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission.'" *Block v. R.H. Macy & Co., Inc.*, 712 F.2d 1241, 1244 (8th Cir. 1983) (quotation omitted).

Defendant argues that even if Ms. Davidson's statements are not hearsay or impermissible parol evidence, they should be excluded under Federal Rule of Evidence 403. ECF No. 66, p. 6. Defendant contends that Ms. Davidson being unavailable for cross-examination and only Plaintiff having knowledge of the alleged statements makes their submission into evidence unfairly prejudicial against Defendant. *Id*. at p. 6-7. Defendant also contends that Ms. Davidson's statements have no probative value. *Id*. at p. 7. Defendant notes that sections of the Subcontract and Prime Contract require a bidder to conduct site visits and precludes reliance on any prior representations. *Id*. at p. 6-7. Defendant contends that this makes Ms. Davidson's statements to

Plaintiff irrelevant for interpreting the agreement. *Id*. at p. 7-8. Plaintiff's response argues that Defendant has not identified any particular prejudice that would result because of the inclusion of Ms. Davidson's statements or on what improper basis a jury would then make its decision. ECF No. 68, p. 6. Plaintiff also argues that the probative value of Ms. Davidson's statements substantially outweighs any potential prejudice because they are critical to Plaintiff's claim that Defendant breached the implied warranty of design adequacy. *Id*. at p. 6-8.

The Court finds that Ms. Davidson's alleged statements have probative value that exceeds any unfair prejudice that their inclusion into evidence would cause. Defendant argues that the inclusion of testimony would be prejudicial but does not detail what improper basis a jury would decide upon if those alleged statements were included. *See Looking Cloud*, 419 F.3d at 785. The Court notes Defendant's concern regarding only Plaintiff having knowledge of the alleged statements. However, the Court is not persuaded by the decisions from other Circuits cited by Defendant to give support to its argument because of the significant factual differences in those cases. *See Peppers v. Washington Cty., Tennessee*, 686 F. App'x 328, 333 (6th Cir. 2017) (favorably citing a case in which otherwise admissible out-of-court statements made under oath by criminal co-defendant were too prejudicial for defendant to use because the co-defendant asserted his Fifth Amendment right against self-incrimination once the prosecution tried to cross-examine him); *Li v. Canarozzi*, 142 F.3d 83, 88-89 (2nd Cir. 1998) (finding that lower court appropriately determined that otherwise admissible out-of-court deposition testimony was too prejudicial because of concerns regarding the accuracy of the deposition transcript).

The Court is also not persuaded by Defendant's argument that Ms. Davidson's statements have no probative value to Plaintiff's claims. One of Plaintiff's theories of recovery against Defendant is that Defendant breached the implied warranty of design adequacy under Michigan

7

law.[1]  ECF No. 48, p. 10-11.  That doctrine holds that affirmative statements made as to site conditions when soliciting bids creates an implied warranty within a contract that allows a bidder to recover for costs incurred as a result of discrepancies between the statements and site conditions. *See Hersey Gravel Co. v. State*, 9 N.W.2d 567, 569-70 (Mich. 1943).  This warranty is not negated by contract language that requires bidders to examine the project site and inform themselves of the conditions.  *See id*. at 570; *see also Valentini v. City of Adrian*, 79 N.W.2d 885, 887 (Mich. 1956). Plaintiff's use of Ms. Robinson's statements is meant to further this theory of recovery and prevent any contract language that requires inspection of site conditions from subverting their claim.  ECF No. 67, p. 6-9.  Therefore, Ms. Robinson's alleged statements on which Fuel Oil was present at the project site are highly probative to Plaintiff's claim.  Even if the statements are prejudicial to Defendant because of Ms. Robinson's unavailability, the Court does not find that their prejudice would substantially outweigh their probative value and undo the general rule that favors admission of probative evidence.  *See Block*, 712 F.2d at 1244.  Accordingly, the Court finds that testimony regarding Ms. Davidson's statements should not be excluded under Federal Rule of Evidence 403.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion in Limine (ECF No. 65) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 2nd day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The Court previously determined that the implied warranty of design adequacy could generally apply to the type of contract in this matter and that its existence in this matter is a factual question.  ECF No. 61, p. 4-9.